# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

In re:

SUSAN NYE POPE,

    Debtor.

Case No. 16-12318-RGM
(Chapter 13)

## MEMORANDUM OPINION AND ORDER

This case is before the court on the debtor's Motion for an Expedited Hearing (Docket Entry 15) and the debtor's Motion to Vacate Dismissal of Chapter 13 Case (Docket Entry 13) and the debtor's Motion to Extend Automatic Stay (Docket Entry 14). This is the debtor's second bankruptcy case. The first case, Case No. 16-10437-BFK, was filed on February 8, 2016, and dismissed on April 26, 2016. The docket in that case reflects that the debtor was granted an extension of time within which to file her lists, schedules and statements and her chapter 13 plan. They were filed within the extension period. The debtor's proposed chapter 13 plan in that case provided for the surrender of the debtor's real property, although it noted that the debtor would seek to sell the property at a short sale. The secured creditor filed a motion for relief from stay. The first meeting of creditors was initially set for March 22, 2016, but was rescheduled at the request of the debtor for April 12, 2016. The debtor did not attend the rescheduled first meeting. The case was dismissed on April 26, 2016.

This case was filed on July 5, 2016. The debtor failed to timely file her schedules. No timely request for an extension was filed and this case was dismissed on July 20, 2016. Counsel states in his motion to vacate the dismissal of this case that "[t]he Debtor was delayed in filing the Schedules

and Statement and Chapter 13 Plan and Related Motions by the inability of Debtor's counsel to obtain the timely written approval of the Schedules and Chapter 13 Plan by the Debtor prior to its filing." Motion to Vacate at ¶5. The debtor's motion for an expedited hearing states that "[t]he Debtor filed the instant case to stop a foreclosure." Motion to Expedite Hearing at 1.

Both cases were dismissed because the debtor did not timely perform her duties, in one case to attend the first meeting of creditors and in the other, to sign her schedules and chapter 13 plan. She states that she filed the second case to "stop a foreclosure" but proposed to surrender the property in her first chapter 13 plan.[1] Neither case was dismissed with prejudice although the court notes that no stay would arise in a third filing within a one-year period.

Good cause has not been shown to vacate the dismissal of this case. This case, like the first, was dismissed because the debtor failed to fulfill her obligations for which no adequate explanation has been offered. Nor is there any prejudice to the debtor in the dismissal. She can file a third case, if she is so advised and is prepared to go forward. While there is an impact on the automatic stay, there is no indication that the automatic stay as to the property subject to foreclosure would be extended in this case because the debtor appears to intend to surrender the property that is subject to foreclosure. It is, therefore, ORDERED:

1. The Motion to Vacate Dismissal of Chapter 13 Case is denied.

2. The Motion to Expedite Hearing and Motion to Extend the Automatic Stay are both denied as moot.

---

[1] There is only one property secured by a lien scheduled in her first case.

DONE at Alexandria, Virginia, this 22nd of July, 2016.

    /s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

John C. Morgan

19241